D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LG CAPITAL FUNDING, LLC,

                          Plaintiff,                                             **ORDER**

                    -against-                                   17-CV-1297 (NGG) (SJB)

POSITIVEID CORPORATION,

                          Defendant.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff LG Capital Funding, LLC ("LG") brings this diversity action against Defendant PostiveID Corporation ("PSID") alleging breach of contract (Claims 1-3), anticipatory breach of contract (Claims 4-5), and conversion (Claims 6-7) related to a convertible promissory note (the "Note") issued by PSID to LG. (Compl. (Dkt. 1).) Plaintiff also seeks attorney's fees under the terms of the Note (Claim 8). (Id.) Currently pending before the court is Plaintiff's motion for summary judgment and Defendant's motion for partial summary judgment. (LG Mot. for Summary J. (Dkt. 31); PSID Mot. for Partial Summary J. (Dkt. 35).) On September 10, 2018, the undersigned referred these motions to Magistrate Judge Sanket J. Bulsara for a Report and Recommendation ("R&R"). (See September 10, 2018 Order Referring Motions.) On July 29, 2019, Judge Bulsara issued an R&R that the court grant in part Plaintiff's motion for summary judgment and grant in part and deny in part Defendant's motion for partial summary judgment. (R&R (Dt. 46) at 41-42.) For the reasons below, the court ADOPTS IN FULL Judge Bulsara's R&R.

1

This case arises out of a $66,150.00 convertible redeemable note issued by PSID to LG. (See Note (Dkt. 31-4); Compl.) No party has objected to Judge Bulsara's account of the material facts and the court adopts it in full. (See R&R at 7-13.) To summarize, "LG alleges three primary breaches of contract or events of default." (R&R at 11; see also Compl.) First, on January 9, 2017 and pursuant to the terms of the Note, LG emailed PSID's transfer agent, VStock Transfer LLC ("VStock"), to request an increase of the number of shares held in reserve. (Pl. R. 56.1 Stmt. (Dkt. 32) ¶ 51; DF Resp. R. 56.1 Stmt. (Dkt. 34) ¶ 51.) However, VStock was unable to process this request because PSID did "not have any shares available in treasury." (Pl. R. 56.1 Stmt. ¶ 52; DF Resp. R. 56.1 Stmt. ¶ 52.) Second, on January 24, 2017, LG submitted a Notice of Conversion to PSID, electing to convert $16,150.00 of principal and $889.36 of interest into 65,536,000 shares of PSID Common Stock. (Pl. R. 56.1 Stmt. ¶¶ 59, 62; DF Resp. R. 56.1 Stmt. ¶¶ 59, 62.) PSID did not deliver the requested shares. (Pl. R. 56.1 Stmt. ¶¶ 63; DF Resp. R. 56.1 Stmt. ¶¶ 63.) Finally, the Note matured on July 7, 2017, but PSID has not paid any of the amounts due. (See Note at 1; Pl. R. 56.1 Stmt. ¶¶ 78-79; DF Resp. R. 56.1 Stmt. ¶¶ 78-79.)

In his R&R, Judge Bulsara applied New York law and found that:

- there is no genuine dispute of material fact as to conduct of PSID that unambiguously breached the terms of the contract between the parties (R&R at 13-15), and PSID failed to provide the necessary evidence to establish an issue of fact as to either of its proffered affirmative defenses of usury and unconscionability (id. at 30-32);

- the language of the Note entitles LG to recover reasonable attorney's fees and costs for its breach of contract claims (id. at 35);

- LG never had possession of the shares at issue and thus cannot prevail on its conversion claims (id. at 40); and

2

- there is a genuine issue of fact as to LG's anticipatory breach claims. (Id. at 37-39.)

Judge Bulsara recommended that the court (1) grant LG's motion as to liability on its breach of contract and attorney's fees claims, (2) grant PSID's motion on LG's conversion claims, (3) deny PSID's motion on LG's anticipatory breach claims, (4) direct the parties to brief the issues of damages and injunctive relief for LG's breach of contract and attorney's fees claims, and (5) direct LG to brief "whether the liability and remedies for its anticipatory breach claims overlap with the breach of contract claims, or whether LG intends to abandon these claims in light of the" court's decision on its other claims. (Id. at 41-42.)

No party has objected to Judge Bulsara's R&R, and the time in which to do so has passed. See Fed. R. of Civ. P. 72(b)(2). (See also R&R at 42.) Therefore, the court reviews the R&R for clear error. See Colvin v. Berryhill, 734 F. App'x 756, 758 (2d Cir. 2018); Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 46-47 (E.D.N.Y. 2015).

Having found no clear error, the court ADOPTS IN FULL the R&R. Accordingly, the court GRANTS Plaintiff's (Dkt. 31) motion for summary judgment as to liability with respect to Plaintiff's breach of contract and attorney's fees claims (Claims 1, 2, 3, and 8); GRANTS Defendant's (Dkt. 35) motion for partial summary judgment with respect to Plaintiff's conversion claims (Claims 6 and 7); and DENIES Defendant's (Dkt. 35) motion for partial summary judgment with respect to Plaintiff's anticipatory breach claims (Claims 4 and 5).

Parties are DIRECTED to confer and propose a joint briefing schedule as to the issues of damages and injunctive relief for Plaintiff's breach of contract and attorney's fees claims. Additionally, Plaintiff is DIRECTED to submit supplemental briefing, within fourteen (14) days of the date of this order, on whether it intends to further litigate its anticipatory breach claims in

3

light of this order, and, if so, whether the liability and relief for those claims overlaps with that for the breach of contract claims.

SO ORDERED.

Dated: Brooklyn, New York
September 20, 2019

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge