UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LG CAPITAL FUNDING, LLC,

            Plaintiff,

    *v.*

POSITIVEID CORPORATION,

            Defendant.

**REPORT & RECOMMENDATION**
17-CV-1297-NGG-SJB

**BULSARA, United States Magistrate Judge:**

      LG Capital Funding, LLC ("LG") brought this action against Defendant PositiveID Corporation ("PSID") alleging breach of a convertible promissory note (the "Note"). On September 20, 2019, the Honorable Nicholas G. Garaufis adopted in full the undersigned's report and recommendation that the parties' cross-motions for summary judgment each be granted in part. *LG Cap. Funding, LLC v. PositiveID Corp.*, No. 17-CV-1297, 2019 WL 3437973, at *20 (E.D.N.Y. July 29, 2019), *report and recommendation adopted*, 2019 WL 4564882, at *1 (Sept. 20, 2019). Following that decision, LG filed the present motion for damages on December 20, 2019 seeking $141,814.03.[1] PSID did not respond. For the reasons explained below, the Court recommends the motion be granted and LG be awarded $128,921.84.

---

[1] Pl.'s Suppl. Mem. dated Dec. 20, 2019 ("Mem."), Dkt. No. 50 at 9. LG filed the supplemental memorandum following Judge Garaufis's summary judgment decision, and the Clerk of Court converted the filing to a motion on December 1, 2021. *See* Dkt. Entry No. 50, dated Dec. 20, 2019. The Motion was referred to the undersigned on November 10, 2021.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case stems from a "$66,150.00 convertible redeemable note issued by PSID to LG." *PositiveID Corp.*, 2019 WL 4564882, at *1. Judge Garaufis granted LG's "motion for summary judgment as to liability," and directed the parties to propose a joint briefing schedule for damages for the breach of contract and attorney's fees claims. *Id.* at *2. Relevant to the damages calculations are the following events.

LG submitted a Notice of Conversion to PSID on January 24, 2017, seeking to convert $16,150.00 of principal from its loan and $889.36 of accrued interest into 65,536,000 shares of PSID common stock. *Id.* PSID did not provide the shares, thereby breaching the terms of the contract. *Id.* Under the Note, the breach occurred "[o]n the third business day following the notice of conversion, January 27, 2017."[2] On that day, PSID common stock had a high trading price of $0.0006 and a low trading price of $0.0004.[3] The conversion price at the time was $0.00026 per share. *PositiveID Corp.*, 2019 WL 3437973, at *5. Had PSID honored the conversion, the remaining balance on the Note would have been $50,000.00. *See PositiveID Corp.*, 2019 WL 4564882, at *1. "[T]he Note matured on July 7, 2017, but PSID has not paid any of the amounts due." *Id.*

---

[2] Mem. at 4; *see also* Note dated July 7, 2016 ("Note"), attached as Ex. A to Decl. of Joseph Lerman dated Aug. 2, 2018 ("Lerman Decl."), Dkt. No. 31-3 § 8(k).

[3] *See* Stock Price Chart filed Sept. 6, 2018, attached as Ex. H to Lerman Decl. at 3; *see also* Lerman Decl. ¶ 45 ("A true and correct copy of the historical price information [for PSID Common Stock] from OTCMarkets.com is attached hereto as Exhibit H.") (emphasis omitted). Although LG's supplemental memorandum relied on a high trading price of $0.0007 for its calculations, Mem. at 4, LG submitted revised damages calculations using a high trading price of $0.0006 per share and requesting total damages of $128,921.84. *See* Letter dated Jan. 18, 2022, Dkt. No. 52 at 1–2.

2

DISCUSSION

I.      Breach of Contract Damages

"The Note provides that New York law governs the agreement." *PositiveID Corp.*, 2019 WL 3437973, at *6. "Under New York law, damages for breach of contract should put the plaintiff in the same economic position he would have occupied had the breaching party performed the contract." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 196 (2d Cir. 2003). "It is 'fundamental that, where the breach involves the deprivation of an item with a determinable market value, the market value at the time of the breach is the measure of damages.'" *Union Cap. LLC v. Vape Holdings Inc.*, No. 16 CIV. 1343, 2017 WL 1406278, at *6 (S.D.N.Y. Mar. 31, 2017) (Sullivan, J.) (quoting *Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 825 (2d Cir. 1990)); *see also LG Cap. Funding, LLC v. ExeLED Holdings Inc.*, No. 17-CV-4006, 2021 WL 4949173, at *4 (S.D.N.Y. Oct. 25, 2021) (same).

      A.      Failure to Deliver Converted Stock

> Where . . . a defendant fails to convert debt into shares and deliver them to the plaintiff, the calculation of expectation damages *must* include the principal and any accrued interest being converted. Courts can do this in one of two ways: (1) "multiplying the number of shares owed . . . by the mean market value of that stock on the day of the breach," or (2) multiplying the number of shares owed by the difference between the market price and the conversion price . . . and then adding back the converted principal and any accrued interest.

*ExeLED*, 2021 WL 4949173, at *6 (emphasis and second ellipsis in original) (internal citation omitted) (quoting *LG Cap. Funding, LLC v. CardioGenics Holdings, Inc.*, 787 F. App'x 2, 4 (2d Cir. 2019)). Here, the Court uses the second method.

LG sought to convert $16,150.00 of principal and $889.36 of accrued interest from the Note, using a conversion price of $0.00026 per share, into 65,536,000 shares

3

of PSID common stock.[4]  *PositiveID Corp.*, 2019 WL 3437973, at *5; *see also* Notice of Conversion dated Jan. 24, 2017, attached as Ex. E to Lerman Decl.

Three days after LG submitted the Notice of Conversion, on January 27, 2017, the high and low prices of PSID common stock were $0.0006 and $0.0004, respectively. *See supra* at 2.[5]  The mean of those prices, and thus the market price the Court uses for its calculations, is $0.0005.  *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 385 (2d Cir. 2006).  The difference between the market price of $0.0005 and the conversion price of $0.00026 is $0.00024.  Multiplying that number by the 65,536,000 shares of PSID common stock that LG sought to convert results in $15,728.64.  After adding back in the principal ($16,150.00) and accrued interest ($889.36) associated with the attempted conversion, the total damages for the failure to deliver shares are $32,768.00.

      B.     Remaining Principal of the Note

The Court uses the same method as above to calculate the damages from LG's remaining principal on the Note.  *See Adar Bays, LLC v. GeneSYS ID, Inc.*, 341 F. Supp. 3d 339, 350 (S.D.N.Y. 2018) ("As Plaintiff argues, it is further entitled to repayment of 30,000, the cost of conversion that Plaintiff would have been entitled to as the Note's outstanding balance.").  Had the conversion been honored, a $50,000 principal balance

---

[4] The Note provides that the conversion price on any given day is "equal to 65% of the lowest closing bid of the Common Stock as reported on the National Quotations Bureau OTC Markets exchange which the Company's shares are traded or any exchange" the common stock may be traded on "for the fifteen prior trading days including the day upon which a Notice of Conversion is received[.]" Note § 4(a) (emphasis omitted).  The conversion price was derived using this methodology.  *PositiveID Corp.*, 2019 WL 3437973, at *5.

[5] The Note provides that an event of default would occur if PSID failed to deliver the common stock "within 3 business days of its receipt of a Notice of Conversion[.]" Note § 8(k).

would have remained on the Note from the initial $66,150.00 principal. *See PositiveID Corp.*, 2019 WL 4564882, at *1. Converting $50,000 of principal at the conversion price of $0.00026 equates to 192,307,692 shares of PSID common stock. Using the difference between the market and conversion prices at the time—$0.00024— multiplied by 192,307,692 shares totals $46,153.84. *ExeLED*, 2021 WL 4949173, at *6. Added to the remaining principal balance of $50,000, *id.*, results in a remaining principal balance of $96,153.84.[6]

Together with the damages from the failed conversion, the calculations result in damages of $128,921.84.

II.   Attorney's Fees and Costs

Judge Garaufis directed the parties to propose a joint briefing schedule "as to the issues of damages and injunctive relief for Plaintiff's . . . attorney's fees claims." *PositiveID Corp.*, 2019 WL 4564882, at *2. LG asks the Court to allow it to brief the damages from attorney's fees and costs following resolution of the present motion. (Mem. at 9). By no later than two weeks after the District Court enters an order on the present motion, LG is directed to file a motion for attorney's fees and costs that attaches contemporaneous time records specifying the date, hours worked, and nature of the work completed for each attorney. *See Union Capital*, 2017 WL 1406278, at *5. PSID must file any opposition brief by no later than four weeks after the District Court enters an order on the present motion.

---

[6] In the alternative, LG requests the Court calculate damages for its anticipatory breach of contract claims. Mem. at 8. Because the expectation damages are determinable using the method described herein, the Court need not calculate damages based on this alternative theory.

CONCLUSION

For the reasons explained above, it is respectfully recommended that the motion for damages be granted and LG be awarded $128,921.84 for PSID's breach of contract. LG is directed to file a motion for attorney's fees and costs no later than two weeks after the District Court enters an order on the present motion. PSID must file any opposition brief by no later than four weeks after the District Court enters an order on the present motion.

Any objections to the Report and Recommendation above must be filed with the Clerk of Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.") (quotations omitted).

SO ORDERED.

*/s/ Sanket J. Bulsara*  1/25/2022
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

6